**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATLAS EQUITY, INC., | No. 09-55466 |
| Plaintiff - Appellant, | D.C. No. 8:06-cv-00602-GW |
| v. | |
| CHASE BANK USA, N.A., FKA Chase Manhattan Bank USA, National Association, a national banking association, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted November 1, 2010
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

Plaintiff-Appellant Atlas Equity, Inc. (Atlas) sued Defendant-Appellee

Chase Bank USA (Chase) for allegedly breaching the parties' contracts governing

the sale of consumer credit card debt. As the facts and procedural history are

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

## I. Breach of Contract

The written contracts are governed by Delaware common law, not the Delaware Uniform Commercial Code (UCC). Delaware's UCC Article 2 does not apply because Atlas purchased debts, not goods. *See* Del. Code tit. 6, § 2-105(1); *see also* 2 Lary Lawrence, *Lawrence's Anderson on the Uniform Commercial Code*, § 2-105:64 & nn. 1, 10 (3d ed. Supp. 2010) (stating that Article 2 does not apply to sales of accounts receivable and loan agreements). Delaware's UCC Article 9 does not apply to "an assignment of accounts . . . which is for the purpose of collection only." Del. Code tit. 6, § 9-109(d)(5).

Although Atlas contends that the parties' emails constitute separate contracts that supercede the parties' written contracts, Atlas has failed to introduce any evidence to establish that the parties exchanged emails subsequent to the time that they executed the written contracts. *See, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (stating that summary judgment "opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). Because the written contracts are fully integrated

-2-

documents, the parties' prior email discussions may not be used to supplement or supercede the written agreements. *See Carrow v. Arnold*, No. 182-K, 2006 WL 3289582, at *4–5 (Del. Ch. Oct. 31, 2006), *aff'd*, 933 A.2d 1249 (Del. 2007) (unpublished table decision) (adopting lower court's reasoning).

The contracts clearly and unambiguously provide Chase with full discretion to "determine which Charged-off Accounts shall be eligible for sale." Chase's power to select the accounts necessarily included the power to select the aggregate amount of the accounts' balances. Although the December 2003 contract required Chase to sell at least $10,000,000 in account balances, there is no dispute that Chase satisfied this obligation.

Finally, the written contracts clearly and unambiguously provide that Chase had the power to sell to Atlas's competitors.

## II.     Breach of Implied Covenant of Good Faith and Fair Dealing

Atlas's arguments regarding the implied covenant of good faith and fair dealing seek to add contract terms that contradict the unambiguous provisions of the written contracts. The implied covenant cannot be used to "grant the plaintiffs, by judicial fiat, contractual provisions that they failed to secure for themselves at the bargaining table." *Aspen Advisors LLC v. United Artists Theatre Co.*, 861 A.2d

-3-

1251, 1260 (Del. 2004). The district court properly rejected the cause of action for breach of the implied covenant.

## III. Leave to File Third Amended Complaint

Atlas failed to show good cause when it requested that the district court revise its scheduling order and permit Atlas to file a third amended complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Because Atlas failed to show that it diligently sought to amend its complaint, the district court did not abuse its discretion in denying Atlas's request. *See id.* at 1295.

**AFFIRMED**.